OPINION
{¶ 1} Defendant-appellant Joel Harris appeals the January 4, 2005 Judgment Entry of the Delaware County Municipal Court denying his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 8, 2004, appellant was charged with operating a vehicle while intoxicated. A Delaware County Sheriff's Deputy noticed appellant traveling with both passenger side tires on the white fog line. Deputy Evans observed appellant's vehicle swerve towards the centerline and back with both passenger side tires towards the white fog line. The vehicle was not speeding.
 {¶ 3} Appellant filed a motion to suppress. Following a hearing on appellant's motion, the trial court overruled the same, via Judgment Entry, filed January 4, 2005. Appellant subsequently entered a plea of no contest to the charge, and was found guilty.
 {¶ 4} Appellant now appeals the trial court's denial of his motion to suppress, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S DRIVING CONTITUTED REASONABLE AND ARTICULABLE SUSPICION TO BELIEVE A CRIME HAD BEEN COMMITTED AND THUS OVERRULING HIS MOTION TO SUPRESS [SIC]."
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See: State v. Fanning(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486;State v. Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 7} Secondly, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See: Statev. Williams (1993), 86 Ohio App.3d 37.
 {¶ 8} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v.Claytor (1993), 85 Ohio App.3d 623, 627; and State v. Guysinger(1993), 86 Ohio App.3d 592. As the United States Supreme Court held inOrnelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 9} In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing appellant's sole assignment of error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 10} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 11} In State v. McCormick (Feb. 2, 2001), Stark App. No. 2000CA00204, unreported, this Court held any traffic violation, even a de minimis violation, would form a sufficient basis upon which to stop a vehicle. "The severity of the violation is not the determining factor as to whether probable cause existed for the stop." State v. Weimaster
(Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, `* * * [w]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * *" Id. at 5. InMcCormick, a trooper observed the defendant's vehicle straddling the yellow line and crossing the center line a couple of times. We herein apply a similar analysis and find there was sufficient reasonable, articulable suspicion of a traffic violation to justify a stop of appellant's motor vehicle.
 {¶ 12} Deputy Evans observed appellant's passenger side tires touch the right fog line then swerve across the lane of traffic toward the left, almost touching the center line. The vehicle then drifted back over to the right edge line by about the width of the tires. The vehicle drifted toward the center line a second time and then back to the right edge line going slightly over the right edge line a second time. We find this weaving within his own lane demonstrates a reasonable, articulable suspion of a traffic violation (impaired driving) sufficient to justify an investigatory stop of appellant's vehicle.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} The January 4, 2005 Judgment Entry of the Delaware County Municipal Court denying appellant's motion to suppress is hereby affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 4, 2005 Judgment Entry of the Delaware County Municipal Court is hereby affirmed. Costs to appellant.